IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HUNTING, et. al,<br><br>      Plaintiffs,<br><br>      v.<br><br>XIUM CORP, et. al,<br><br>      Defendants. | Case No.: 1:10-cv-01844 OWW JLT<br><br>FINDINGS AND RECOMMENDATION DENYING THE MOTION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT<br><br>(Docs. 7, 12) |

Before the Court is Plaintiffs' Motion to Remand the matter to the Kern County Superior Court. (Doc. 7) Plaintiffs argue that the notice of removal was not timely because the notice of removal was filed more than 30 days after service of the complaint. Defendants argue that the notice of removal was timely because no facts about Plaintiffs' citizenship were contained within the complaint. (Doc. 11)

The Court held oral argument on this motion on December 3, 2010. After considering the moving and opposing papers and the argument of counsel, for the reasons set forth below, the Court recommends that the motion to remand be **DENIED**.

**I.    Background**

On May 20, 2010, Plaintiffs filed this action for products liability and loss of consortium in the Kern County Superior Court. (Doc 1, Ex A) The complaint was served by mail according to California Code of Civil Procedure § 415.30 and on July 7, 2010, the defendants acknowledged receipt. (Doc. 1 at 2) The complaint alleged that the matter was properly before the Kern County Superior Court because

1

"injury to person or damage to personal property occurred in its jurisdictional area." (Doc. 1, Ex. A) The complaint did not allege the citizenship of Plaintiffs or Defendants. Although the complaint alleged only that the amount in controversy "exceeds $25,000," the Plaintiffs indicated in their statements of damages, served with the complaint, that each sought damages in excess of $75,000. (Doc. 1 at Ex. B)

Despite the passage of more than three months from the date that the complaint and statement of damages were served, Defendants contend that its notice of removal was timely because the complaint did not identify the respective residences of the parties. (Doc. 11 at 1)  Notably, though Defendants' notice of removal discusses their own citizenship and the amount of damages in controversy, but fails to address Plaintiffs' citizenship in a sufficient fashion.  It alleges only that the action is "between citizens of different states." (Doc. 1 at 2) However, Plaintiffs assert that they "do not dispute that this is a diversity jurisdiction matter and that the damages sought are within the jurisdictional bounds of the District Court."  Moreover, at the oral argument, counsel affirmed that Plaintiffs' do not dispute that the citizenship of the parties is diverse.

## II. DISCUSSION

### A. Removal of the action

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any matter that could have been filed in federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(a) provides,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because federal courts are courts of limited jurisdiction, they are presumed to lack jurisdiction unless the contrary is established. Gen. Atomic Co. v. United Nuclear Corp., 655 F.2d 968, 968-69 (9th Cir. 1981).  Thus, in the removal "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Sanchez v. Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996) (citing Gaus v. Miles, 980 F.2d 564, 566-67 (9th Cir. 1992)); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007); Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).  Notably, once a motion to remand is filed, the party

who removed the case, not the moving party, has the burden of establishing that federal jurisdiction is proper. See Gaus, 980 F.2d at 566-67); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921)). See also Sanchez, 102 F.3d at 403-404 (9th Cir. 1996) (when removing a case to federal court, defendants bear the burden of proving, by a preponderance of the evidence, actual facts sufficient to support jurisdiction). Removal statutes are strictly construed and any doubts are resolved in favor of state court jurisdiction and remand. See Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Likewise, the Court may remand an action to state court for lack of jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c).

**B.    At the time the notice of removal was filed, it was premature**

To remove a case to federal court, defendants are required to file a notice of removal within the 30-day time limit set forth in 28 U.S.C. § 1446(b). In Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), the Ninth Circuit held,

> **We now conclude that notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.** Thus, the first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

Id., emphasis added. Thus, the "first" 30-day removal period begins to run when an initial pleading is filed. Id. at 694. When the face of the complaint does not reveal whether the case is removable, the defendant is not obligated to investigate, within the initial 30-day period, to determine whether it the matter is removable. Id. at 696. Instead, the "second" 30-day period is triggered by the defendant's receipt of any "other paper" *after* the defendant receives the complaint. Id. at 694.

Likewise, courts are not required to conduct "mini-trials" to determine what the defendants knew at the time they received the initial pleading to determine whether the matter was removable. Harris, 425 F.3d at 695. The Court explained, "The jurisdictional and procedural interests served by a bright-line approach are obvious. First and foremost, objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading. [Footnote] Just as important, an

objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.[Footnote]" Id. at 697, footnoted omitted.

Likewise, the Ninth Circuit has made clear that documents received by defendants before the filing of the complaint are not considered "other papers" for purposes of triggering the second 30-day removal period. The Court held,

> It is axiomatic that a case cannot be removed before its inception. If the second paragraph of section 1446(b) were meant to include as "other paper" a document received by the defendant months before receipt of the initial pleading, the requirement that the notice of removal "be filed within thirty days after receipt by the defendant" of the "other paper" would be nonsensical. Moreover, that the second paragraph lists "an amended pleading, motion, order"– all documents which logically cannot predate the initial pleading--before "or other paper" leads us to conclude that "other paper" does not include any document received prior to receipt of the initial pleading. See United States v. Williams, 553 U.S. 285, 294, 128 S. Ct. 1830, 170 L. Ed. 2d 650 (2008) (noting that "the commonsense canon of noscitur a sociis. . . counsels that a word is given more precise content by the neighboring words with which it is associated"). **Accordingly, we conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.**

Carvalho v. Equifax Info. Servs., LLC, 615 F.3d 1217, 1225 (9th Cir. Cal. 2010), emphasis added.

The Ninth Circuit has explained, "we don't charge defendants with notice of removability until they've received a paper that gives them enough information to remove." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006); see also Riggs v. Continental Baking Co., 678 F.Supp. 236, 238 (N.D.Cal.1988) (the elements for removability must be specifically indicated in official papers before the statutory period begins to run). Therefore, the defendant does not have to speculate as to the facts that form the basis for removal jurisdiction. Jong v. General Motors Corp., 359 F.Supp. 223 (N.D.Cal. 1973).

In the matter before the Court, the statement of damages served with the complaint sets forth that the amount in controversy is well above the Court's jurisdictional requirement. (Doc. 1, Ex. B) However, the complaint fails to identify the Plaintiffs' citizenship and indicates only where the incident occurred that caused their injuries. (Doc. 1, Ex. A) Though Plaintiffs argue that Defendants received an OSHA report that revealed where they lived at the time of the incident, they admit that Defendants received this document "prior to the actual filing of the complaint." (Doc. 12 at 2) Alternatively, Plaintiffs argue that Defendants must have had some other information that caused them to know that

their citizenship was diverse from Defendants or the filing of the notice of removal was brought in bad faith.

According to Harris and Carvalho, the OSHA document did not trigger the removal period. Likewise, Harris instructs that the subjective knowledge of the defendants is insufficient to trigger the removal period. Therefore, because the complaint failed to demonstrate Plaintiffs' citizenship, the Court concludes that the complaint failed to provide the jurisdictional facts to remove the matter. Harris, at 695. Because the initial 30-day period was not triggered by the service of the complaint and statement of damages, the notice of removal, when it was filed, was premature. However, this does not end the analysis.

**C.    Plaintiffs' motion, which admits their diverse citizenship, was a "triggering" event that "cured" the premature filing**

Under 28 U.S.C. § 1446(b), the removal period may be triggered by "receipt by the defendant, through service or otherwise, of a copy of [a] . . . motion . . from which it may first be ascertained that the case is one which is or has become removable . . ."

Defendants admit that in the limited discovery that occurred in the state court, they did not receive any paper that admitted Plaintiffs' citizenship. Instead, Defendants report that they learned where Plaintiffs reside but not where they are domiciled.[1] Id. (Doc. 11, Libke Dec at 2) Thus, the Court finds that this information was insufficient to establish Plaintiffs' citizenship.[2] Kanter, 265 F.3d at 857.

Nevertheless, shortly after Defendants filed their notice of removal, Plaintiffs filed their motion to remand. (Doc. 7) The motion challenges only the timeliness of the notice of removal, admits that the parties' citizenship is diverse and concedes diversity jurisdiction. Thus, the Court finds that this motion

---

[1] The responses to the form interrogatories were served by mail on October 5, 2010, and so were not received by the time that Defendants filed their notice of removal. (Doc. 11 at 5)

[2] The citizenship of a natural person is determined based on his state of domicile, not his state of residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his permanent home, where he resides with the intention to remain indefinitely or where he has resided in the past and intends to return. Id. Domicile is determined based on a number of factors, including: current residence, voting, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, and payment of taxes. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). Thus, although a person's current residence may be a factor, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter, 265 F.3d at 857. For this reason, allegations of residence are insufficient to establish diversity jurisdiction. Id. at 857-858. Shyh-Yih Hao v. Wu-Fu Chen, 2010 U.S. Dist. LEXIS 110035, at *7-8 (N.D. Cal. Oct. 5, 2010).

5

provides facts that establishes the matter's removability and "cures" the premature filing of the notice of removal.[3]

### D. The defective notice of removal may be cured through amendment

Defendants' admitted at oral argument that their notice of removal was deficient because it failed to identify the state of Plaintiffs' citizenship. The Court notes that the only reference to the Plaintiffs' citizenship is where it notes that it is an action "between citizens of different states." (Doc. 1 at 2) It is well-settled that where the notice of removal fails to evidence in what state Plaintiffs are citizens, the petition is insufficient. Mattingly v. Northwestern V. R. Co., 158 U.S. 53, 56 (1895) However, Defendants argue in their opposition, that Plaintiffs' admission made in their moving papers that "diversity jurisdiction" exists due to Plaintiffs' California citizenship (Doc. 7 at 3) and counsel's affirmation of this position at the hearing, should be deemed an amendment to the notice of removal.

Courts are uniform that a notice of removal may be amended during the 30-day period set forth in 28 U.S.C. § 1446(b). After this time has expired, the Court may deem the notice to be amended based upon evidence submitted in the removing party's opposition to the motion to remand. Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) citing Willingham v. Morgan, 395 U.S. 402, 407 n. 3 (1969) ("it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits")). Therefore, the question presented here is whether the Court may deem the notice of removal amended by Plaintiffs' express admission of their diverse, California citizenship. The Court finds that they may.[4]

In Barrow Development Co. v. Fulton Ins. Co., 418 F.2d 316 (9th Cir. 1969), the defendant indicated in its notice of removal that the action was "between citizens of difference states" (Id. at 317 n. 1) and that the plaintiff was a citizen of Alaska and the defendant was a citizen of New York. Id. at 318. This was insufficient because the parties were corporations which required the defendant to allege

---

[3] Because the notice of removal had become ripe by the time of the hearing on this matter, judicial economy is promoted by the Court considering it in its ripened context.

[4] At the hearing, counsel for Plaintiffs indicated that if the Court found that the notice of removal was premature–rather than untimely–such that a new notice of removal could be filed, counsel indicated Plaintiffs' preference that the matter not be remanded. Counsel indicated that he saw no reason to force Defendants to prepare a new filing in light of Plaintiffs' admission that their California citizenship is diverse from Defendants' Texas citizenship.

6

the places of incorporation and the locations of the principal places of business of the parties. Id. at 317-318. To address this defect, the defendant submitted an affidavit supplementing the notice of removal. Id. at 317 n. 1. The plaintiff did not oppose the amendment or challenge the substance of the evidence. Id. The Court concluded that because "the allegations are merely defective, the amendment is allowed." Id. at 318.

In doing so, the Court relied upon Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299, 301 (10th Cir. 1968), in which the Tenth Circuit allowed the amendment of defective allegations of citizenship. Hendrix held,

> We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute, too prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts.

Id.

On the other hand, it bears noting that a removing party is charged only with the requirement of providing a "short, plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The removing party is not required to include an exhaustive account of the evidence that supports removal jurisdiction. Thus, it is not until the "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (U.S. 1936). Here, of course, Plaintiffs do not challenge the jurisdictional facts but, instead, challenge the timing of the assertion of federal court jurisdiction. Clearly, Plaintiffs' admission that they are citizens of the State of California is competent proof sufficient to clarify that the parties are citizens of diverse states. Rather than exalting form over substance or engaging in "legal flaw-picking or the orderly disposition of cases properly committed" to the Court, the Court recommends that the motion to remand be **DENIED**.

### III. CONCLUSION

Based upon the foregoing, the Court hereby recommends that the motion to remand the matter be **DENIED**.

These Findings and Recommendations are submitted to the United States District Judge assigned

to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these findings and recommendations, Plaintiffs may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Defendants may file a reply to Plaintiff's objections within 14 days thereafter. Plaintiffs are advised that their failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 3, 2010**                                                                  **/s/ Jennifer L. Thurston**
                                                                                                     UNITED STATES MAGISTRATE JUDGE