**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON HUNTING, et. al, | Case No.: 1:10-cv-01844 AWI JLT |
| Plaintiffs, | ORDER DENYING STIPULATION TO AMEND SCHEDULING ORDER |
| v. | |
| XIUM CORP, et. al, | (Doc. 26) |
| Defendants. | |

Before the Court is the stipulation to amend the scheduling order to extend discovery and the non-dispositive motion deadlines. (Doc. 26)  For the reasons discussed below, the Court **DENIES** the stipulation to amend the scheduling order.

**I.   The Scheduling Order**

On February 16, 2011, the Court issued the scheduling order in this case.  In it, the Court notified the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(Doc. 13 at 7.)  Upon this backdrop, the Court will consider the parties' request.

**II.   Analysis**

Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u> and

1

only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v. Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, **because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference** . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

In the current stipulation the parties report that there is an ambiguity in the scheduling order issued by Judge Wanger on March 22, 2011. In that order, the Court ordered that all discovery "including expert discovery" would be completed by January 30, 2012 (Doc. 19 at 1, 6) and clarified that all non-expert discovery would be completed by October 28, 2011. <u>Id</u>. at 6. It set forth the dates by which expert disclosure would occur; November 29, 2011 for initial reports and December 29, 2011[1] for rebuttal or supplemental reports. <u>Id</u>. The docket entry also makes clear that non-expert discovery is to be completed by October 28, 2011 and expert discovery by January 30, 2012. (Doc. 19)

Nevertheless, counsel asserts that there is a "conflict" or "ambiguity" in the scheduling order as a basis for extensions on the time for discovery. (Doc. 26–1) However, the Court finds no ambiguity in Judge Wanger's order; non-expert discovery must be completed by October 28, 2011 and expert discovery–which concludes all discovery efforts–must be completed by January 30, 2012. In any event, even if there was an ambiguity as to when non-expert discovery would be completed, there is absolutely no hint of ambiguity as to when Judge Wanger intended expert discovery to be completed. Despite this,

---

[1] The Court cannot determine why the parties believe that the order indicates at page 6, paragraph 3, that expert discovery closes on December 29, 2011. It appears counsel has misread the order.

the stipulation fails to explain why the alleged ambiguity would justify modifying the scheduling order related to expert discovery.

On the other hand, counsel rely also upon "trial commitments" and the fact that "parties and witnesses are having to be deposed outside of California" as further justification for the requested extension of the discovery period. Id. However, what is not explained is what these "trial commitments" are, when they were known and how they have hindered discovery or why the deposition locations were not known earlier. Notably, there is no showing that either of these circumstances were "unanticipated" by counsel. Jackson, 186 F.R.D. at 608. Most importantly, there is no showing as to the diligence of counsel in completing discovery, including what has been done thus far, what still needs to be accomplished and why the discovery could not have been completed before now.

Most importantly, the stipulation fails to acknowledge that modifying the scheduling order as requested would require a dispositive motion to be filed *before* discovery closed and *before* non-dispositive motions could be decided; this is untenable. Therefore, because the stipulation fails to demonstrate good cause for the extension of time, the request to amend the scheduling order is **DENIED.**

IT IS SO ORDERED.

Dated:   **October 12, 2011**                                   /s/ **Jennifer L. Thurston**
                                                                                     UNITED STATES MAGISTRATE JUDGE