IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HUNTING, et. al,<br><br>    Plaintiffs,<br><br>    v.<br><br>XIUM CORP, et. al,<br><br>    Defendants. | Case No.: 1:10-cv-01844 AWI JLT<br><br>ORDER GRANTING JOINT REQUEST TO AMEND SCHEDULING ORDER<br><br>(Doc. 28) |

On October 10, 2011, the parties submitted a stipulation to amend the scheduling order. (Doc. 26) On October 12, 2011, the Court denied the request based upon the failure of the stipulation to demonstrate good cause for the amendment. (Doc. 27) On October 20, 2011, the Court held an informal telephonic conference with counsel for Plaintiff and Defendant.[1] (Doc. 28)

At the telephonic conference, Plaintiffs' counsel, Greg Muir, explained that, due to the nature of the event which caused the injury–which was highly technical–he was unable to conduct meaningful discovery until his retained expert performed "destructive testing," to determine the etiology of the event. He received this report only within the last few weeks. Defendants' attorney, Ryan Libke, also agreed

---

[1] Counsel for State Compensation Insurance Fund, Mr. Gary Frank, was inadvertently omitted from the conference call. Mr. Frank attempted to appear at the conference by calling the Court directly but, due to failure of technology, was unable to join in the conference. Though the Court appreciates Mr. Frank's diligence in attempting to appear at the conference, because his client merely has a lien on any recovery Plaintiff receives, the Court presumes Mr. Frank has no objection to the parties' request for additional time to complete discovery.

that retention of an expert to provide the defense assistance has been crucial to being able to pursue discovery.  Mr. Libke agreed that the case was now in a posture to being discovery in earnest.  Both attorneys committed to working cooperatively to completing discovery as soon as possible.

On the other hand, the Court pointed out that modifying the case schedule as requested, posed risks to the parties.  For example, the proposed schedule makes the deadline for filing nondispositive motions concurrent with the deadline for filing dispositive motions.  Counsel acknowledged that this meant that results of nondispositive motions may not be available for use in dispositive motion efforts.  Counsel acknowledged further that they would be required to bear the consequences of this circumstance, meaning the Court <u>would not</u> find good cause to modify the scheduling order to allow non-dispositive motions to be decided before the filing of, or in connection with, a dispositive motion.  Likewise, Counsel acknowledged the short amount of time set forth in their proposed schedule to complete expert discovery but committed to completing this discovery within the time allotted.

**ORDER**

Based upon the foregoing and good cause appearing, the Court **ORDERS:**

1. The scheduling conference order to be amended as follows:
   a. Non expert discovery to be completed on or before:          12/29/11
   b. Joint expert disclosure to occur on or before:              1/31/12
   c. Supplemental expert disclosure to occur on or before:       2/9/12
   d. Expert discovery to be completed on or before:              2/24/12
   e. Nondispositive motions to be filed on or before:            3/1/12
   f. Nondispositive motions to be heard on or before:            4/2/12
2. No other deadlines set forth in the scheduling conference order are amended by this order;
3. **The parties are advised that no further amendments to the scheduling conference order will be granted except upon a showing of exceptional good cause.**

IT IS SO ORDERED.

Dated:   **October 28, 2011**                    /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

2