IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON HUNTING, et. al,<br><br>　　　　Plaintiffs,<br>　v.<br>XIUM CORP, et. al,<br><br>　　　　Defendants. | Case No. 1:10-cv-01844-AWI-JLT<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS<br><br>(Doc. 49) |

On May 3, 2012, Plaintiff notified the Court that the matter had been settled. (Doc. 48). Thereafter, the Court ordered the parties to file their stipulated dismissal, "No later than June 1, 2012." (Doc. 49)  Nevertheless, the parties have not filed the stipulated dismissal.  In its May 4, 2012 order, the Court advised, "Failure to comply with this order may be grounds for the imposition of sanctions on counsel or parties who contributed to violation of this order. See Local Rules 110, 160."  Id

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice or issued other sanctions, based on a party's failure to obey a court order, or failure to comply with local rules.  *See, e.g*. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court

1 order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to
2 prosecute and to comply with local rules).
3   Accordingly, the parties are ORDERED to show cause within 14 days of the date of
4 service of this Order why the action should not be dismissed and/or other sanctions imposed for
5 their failure to comply with the orders of the Court.

IT IS SO ORDERED.

Dated:  **June 4, 2012**                                    /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE

2